# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CASEY THOMAS HAVARD**                                                             **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 1:24-cv-00139-TBM-RPM**

**GEORGE COUNTY CORRECTIONAL FACILITY, et al.**           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Casey Thomas Havard's failure to comply with Court Orders. When he filed his Complaint, Plaintiff was an inmate housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. [1], p. 2. His claims purportedly arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [1], p. 3.

On July 15, 2024, the Court mailed Plaintiff a packet of information, including code provisions relevant to the prosecution of this lawsuit. [7], pp. 1-6. Plaintiff was ordered, "that if he . . . wants to continue with this case," to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." [7], p. 1. Alternatively, Plaintiff was ordered, "that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." [7], p. 1. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice." [7], p. 2 (emphasis omitted). That Order [7] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [7] within 30 days.

On August 22, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with a Court Order. [8], p. 1. Plaintiff's responsive deadline was extended to September 5, 2024, and he was warned again "that failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [8], p. 2. The Order to Show Cause [8], with a copy of the Court's July 15 Order [7], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [8] by the September 5 deadline.

On September 17, 2024, the Court entered a Second and Final Order to Show Cause [9], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [8] [7]." [9], p. 2. Plaintiff was ordered to file a written response on or before October 1, 2024. [9], p. 2. Plaintiff was also ordered, on or before the October 1 deadline, to comply with the Court's July 15 Order [7] "by signing and returning either the Acknowledgement (Form PSP-3) or Notice of Voluntary Dismissal (Form PSP-4)." [9], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court *will be* deemed a purposeful delay and contumacious act and *will result* in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [9], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [8] [7]." [9], p. 2. The Second and Final Order to Show Cause [9], with a copy of the Court's July 15 Order [7] and August 22 Order [8], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

Plaintiff did not timely comply with the Second and Final Order to Show Cause [9], and he has not communicated with the Court about his lawsuit since July 15, 2024. [6], p. 1. This inaction is despite being warned five times that a failure to comply with the Court's orders or to notify the Court about a change in address may lead to the dismissal of his case. *See* [3], p. 2; [5], p. 2; [7], p. 2; [8], p. 2; [9], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [7] [8] [9], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 26th day of November, 2024.**

                                         **TAYLOR B. McNEEL**
                                         **UNITED STATES DISTRICT JUDGE**